```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
CRISTINA PASLAR, et al.       :   Civil No. 3:16CV01645(JCH)
                              :
v.                            :
                              :
STAMFORD HOSPITAL, et al.     :   July 19, 2017
                              :
------------------------------x

## RULING ON MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER [Doc. #47]

Pending before the Court is a motion by defendants Tully Health Center, Stamford Hospital, Stamford Health Medical Group, Inc., and Stamford Health, Inc. (collectively the "defendants") for a protective order and to quash a subpoena duces tecum directed to defendant Stamford Hospital. [Doc. #47]. Plaintiffs Cristina Paslar and Eduardo Bunemer (collectively the "plaintiffs") have filed a memorandum in opposition [Doc. #50]. For the reasons articulated below, the Court **DENIES** defendants' Motion to Quash and for Protective Order. [**Doc. #47**].

**A.   Background**

Plaintiffs bring this medical malpractice action alleging that defendants,[1] when performing surgery to remove a "vaginal

---

[1] Also named as a defendant is Silvio Mandara, M.D. Dr. Mandara, who is represented by separate counsel, does not join the defendants' motion to quash and for protective order. When the Court refers to "defendants" in the context of that motion, the Court refers only to defendants Tully Health Center, Stamford

1

cyst" from plaintiff Cristina Paslar, deviated from standards of proper medical and surgical practice by failing to properly identify and understand documented congenital abnormalities in Ms. Paslar's reproductive and genitourinary tracts. See generally Doc. #1, Complaint. As a result of defendants' alleged negligence and medical malpractice, plaintiffs allege that Ms. Paslar suffered "serious and permanent injuries including[,]" inter alia: "reproductive and urinary tract injury, bladder rupture, massive hemorrhage, ... MRSA infection, vaginal urinary leakage, vesicovaginal fistulas, prolonged catheterization, urological operations and operative procedures, vesicovaginal fistula repair surgery, abdominal scarring, pain and discomfort[.]" Id. at ¶72.

The parties are well underway in their efforts to complete fact discovery by the deadline of November 30, 2017. See Doc. #26 at 4, Final Scheduling Order. As part of these efforts, plaintiffs served defendants with a Second Notice to Produce dated April 19, 2017, which requested production of:

> Pathology slide recuts of surgical pathology specimen "B" labeled "tri lobe vaginal cyst" under Accession # S14-17358R as identified in Surgical Pathology Report, dated October 31, 2014.

---

Hospital, Stamford Health Medical Group, Inc., and Stamford Health, Inc.

2

Doc. #50-4 at 1.[2] On May 24, 2017, defendant Stamford Hospital responded that it would "produce the specimens pursuant to a protective order so that all parties have access to the specimens." Doc. #50-5 at 1.

Not satisfied with that response or defendants' proposed protective order, plaintiffs caused a subpoena duces tecum dated May 25, 2017, to be served on defendant Stamford Hospital. See Doc. #50-2. The subpoena requested production of:

> Pathology slide recuts of surgical pathology specimen "B" labeled "trilobe vaginal cyst" under Accession #S14-17358R as identified in Surgical Pathology Report, dated October 31, 2014 in the medical records of patient Cristina Paslar ... with representative sections of "tan-pink tissue" (4.0 x 3.0 x 2.1 cm) and "tan-pink overlying mucosa" (2.1 x 1.9 cm) and routine H + E stain. The Jacob D. Fuchsberg Law Firm, LLP, will reimburse Stamford Hospital for the reasonable costs of reproduction, packaging, shipping and handling to avoid undue expense.

Id. at 3. The subpoena was served on an agent of Stamford Hospital on May 31, 2017, see Doc. #50-3, and sets a return date of June 29, 2017, see Doc. #50-2 at 1.

On June 29, 2017, defendants filed the pending Motion to Quash and for Protective Order. [Doc. #47].[3] On that date, the

---

[2] Cited page numbers correspond to the electronic ECF heading pagination.

[3] Defendants first raised the potential of a dispute regarding plaintiffs' request for recut pathology slides in a May 16, 2017, joint status report. See Doc. #43.

Court held a previously-scheduled telephonic status conference to discuss the progress of discovery. [Doc. ##46, 49]. Although the parties attempted to resolve the issues related to plaintiffs' request for the recut pathology slides during this call, the parties were unable to reach agreement,[4] and the Court accordingly directed plaintiffs to respond to the motion by July 10, 2017. See Doc. #49. Plaintiffs timely filed a memorandum in opposition to defendants' motion on July 7, 2017. [Doc. #50]. Pursuant to Judge Hall's Standing Order Relating to Discovery [Doc. #5], no reply briefing was accepted on defendants' motion. See Doc. #51.

The Court turns first to defendants' motion to quash the subpoena.

**B.   Motion to Quash**

Defendants seek to quash the subpoena served on Stamford Hospital arguing that it is a "nullity" and "unenforceable" because it was improperly served on defense counsel and not on Stamford Hospital. See Doc. #47 at 1-2. Plaintiffs respond: (1) the subpoena was properly served on Stamford Hospital; (2) the

---

[4] During the call, counsel for defendants represented that he was "open to both options", i.e., to either of the procedures proposed by the parties, but expressed concerns about the potential for plaintiffs' proposed procedure to "derail" the current scheduling order.

4

motion to quash is untimely; and (3) defendants assert no valid grounds to modify or quash the subpoena. See Doc. #50 at 5-7.

Federal Rule of Civil Procedure 45 generally governs the issuance, quashing and modification of subpoenas, including when a court "must" quash a subpoena and when quashing a subpoena is otherwise "permitted." See Fed. R. Civ. P. 45(d)(3).

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).[5] "The burden of persuasion in a motion to quash a subpoena is borne by the movant." Sea Tow Int'l, Inc. v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation and internal quotation marks omitted).

The Court finds that defendants' motion to quash is untimely. "It is well settled that, to be timely, a motion to

---

[5] The grounds pursuant to which the Court is permitted to quash a subpoena are not implicated in defendants' motion. See Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii) ("To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.").

quash a subpoena must be made prior to the return date of the subpoena." Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) (citation omitted); see also Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 422 (S.D.N.Y. 1998) ("[S]ervice anytime before the subpoenas' return date should be considered timely[.]" (emphasis added) (sic)). The subpoena sets a return date of June 29, 2017. See Doc. #50-2 at 1. Defendants filed their motion to quash on that date, and not before, thereby making the motion to quash untimely.[6] "District courts, however, have broad discretion over the decision to quash or modify a subpoena, and a number of courts in this Circuit have exercised their discretion to consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case law." Brown v. Hendler, No. 09CV4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (internal quotation marks omitted). The Court finds the motion to quash

---

[6] Plaintiffs, relying on Federal Rule of Civil Procedure 45(d)(2)(B), contend that the motion to quash should have been filed by June 14, 2017. See Doc. #50 at 10. Rule 45(d)(2)(B) governs objections to the production of documents or tangible things sought by a subpoena, and provides that any "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). As previously discussed, Rule 45(d)(3) governs motions to quash or to modify a subpoena. Accordingly, plaintiffs' reliance on Rule 45(d)(2)(B) is misplaced.

untimely, but exercises its discretion to consider arguments concerning service of the subpoena.

Although defendants do not specifically cite any of the Rule 45(d)(3)(A) provisions, defendants contend that plaintiffs failed to properly serve the subpoena. "Serving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). Here, although defendants claim the subpoena was served only on defense counsel, plaintiffs have filed an Affidavit of Service showing that the subpoena was served on an agent of Stamford Hospital, 1 Hospital Plaza, Stamford, Connecticut 06904, and that the agent "stated that he/she was authorized to accept service on behalf of the corporation." Doc. #50-3 at 1. Defendants' conclusory statements that the subpoena was improperly served are insufficient to overcome this evidence and meet defendants' burden to justify the quashing of the subpoena. Accordingly, the Court **DENIES** defendants' motion to quash.

**C.   Motion for Protective Order**

Defendants alternatively move for a protective order because Stamford Hospital "wants to produce the pathology to the parties[,]" but only pursuant to certain terms. Doc. #47 at 2. In support of their request for a protective order, defendants contend:

> [P]athologic specimens are a finite resource and the
> content of the pathology can vary from slide to slide.
> As a result, in cases all over Connecticut and throughout
> the federal system, counsel routinely agree to share
> pathologic specimens so that all experts can look at the
> same slides. This helps parties because it removes the
> issue of whether the parties' experts are looking at the
> same specimen when they form and offer opinions about
> the import of those specimens.

Doc. #47 at 2-3.[7] Defendants seek an order requiring that the parties each examine a single pathologic sample and maintain a chain of custody form for that sample. See Doc. #47-2 (proposed protective order). Defendants request that the Court enter a protective order similar to that entered in In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, pending in the Southern District of West Virginia. See Doc. #47 at 3; see also Doc. #47-2 (proposed protective order).

Plaintiffs oppose the motion for protective order on the following grounds: (1) the procedure proposed by the protective order is "unnecessary, superfluous, cumbersome and delay inducing[;]" (2) the evidence sought is relevant, material and necessary to the case; (3) defendants' reliance on the MDL protective order is misplaced; (4) defendants' arguments are unsupported by any authority; and (5) Ms. Paslar is "entitled" to the recut pathology slides pursuant to 45 C.F.R. §164.524 and

---

[7] Defendants offer no citations in support of the assertion that this practice is routine.

Connecticut General Statutes section 20-7c. See Doc. #50 at 10-18.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c)(1). The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. See Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and internal quotation marks omitted).

Although defendants contend that a protective order similar to that entered in the MDL should enter here, defendants make no specific showing as to why such an order is necessary in this case. Defendants state generally that pathologic specimens are a "finite resource and the contents of the pathology can vary from slide to slide." Doc. #47 at 2. Defendants do not, however, discuss the specific characteristics of the pathology in this case. Plaintiffs, by contrast, represent that the proposed protective order is unnecessary because: the "recut pathology slides would be duplicates of the original pathology specimen in this matter[;]" there is an "ample amount of tissue" from which

9

to prepare the recuts; and "recut pathology slides are considered duplicates in the field of anatomic pathology," such that the procedure is approved and endorsed by the College of American Pathology. Doc. #50 at 10 (internal quotation marks omitted). In support of these representations, plaintiffs offer the declaration of Dr. Gerard Catanese, a licensed medical doctor who is board certified in the field of anatomic, clinical, and forensic pathology. See Doc. #50-7.

Dr. Catanese avers that: "The dimensions of Specimen 'B' indicate that there is an ample amount of tissue in the surgical pathology specimen that should be more than sufficient to produce representationally duplicate 'recut' pathology slides ... for the use of the three law firms in this case." Id. at ¶13. The Court credits this representation.

The Court appreciates defendants' concern that only use of a shared sample would "remove[] the issue [of] whether the parties' experts are looking at the same specimen when they form and offer opinions about the import of those specimens." Doc. #47 at 3. However, the Court finds that this potential concern is mitigated by three factors: (1) Dr. Catanese's representation that "'Recut' pathology slides from the same surgical tissue 'paraffin block' or pathology specimen are considered representational 'duplicates' in the field of anatomic pathology[,]" Doc. #50-7 at ¶15 (emphasis added); (2) the

10

purpose for which the pathology is sought, namely to determine the <u>anatomical source</u> of tissue; and (3) the ability of Stamford Hospital to maintain the original pathology sample for use by the parties' experts as a "control" sample.

Defendants have failed to sustain their burden of establishing the good cause necessary to support the entry of the protective order requested. Moreover, the Court finds that the procedures set forth in defendants' proposed protective order are cumbersome and present a real potential for significant delays during the course of expert discovery.

Accordingly, for the reasons stated, the Court **DENIES** defendants' motion for protective order. Because the Court finds that defendants have not sustained their burden of establishing the requisite good cause to support the entry of a protective order, the Court need not consider the other arguments raised in opposition by plaintiffs.

Within fourteen (14) days of this Ruling, counsel shall meet and confer to stipulate to the procedures and timing for the production of the recut pathology slides. In the event counsel are unable to come to an agreement, then a joint motion for a telephonic status conference regarding this issue should be filed forthwith.

**D.   Conclusion**

Therefore, for the reasons stated, the Court **DENIES** defendants' Motion to Quash and for Protective Order. [**Doc. #47**].

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 19th day of July 2017.

                                                /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE